# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Miguel Mansanares, | No. CV 09-2329-PHX-MHM (LOA) |
| Plaintiff, | **ORDER** |
| vs. | |
| Brad Reinhart, | |
| Defendant. | |

Plaintiff Miguel Mansanares, who is confined in the Fourth Avenue Jail in Phoenix, Arizona, has filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed *In Forma Pauperis*. (Doc.# 1, 3.) Plaintiff subsequently filed two notices, which were each captioned: "Notice of Mail Fraud Wreckless [sic] Disregard for Truthfulness with the Intent to Injury No Qualified Immunity." (Doc.# 4, 5.) The Court will dismiss the action.

**I.    Application to Proceed *In Forma Pauperis* and Filing Fee**

Plaintiff's Application to Proceed *In Forma Pauperis* will be granted. 28 U.S.C. § 1915(a). Plaintiff must pay the statutory filing fee of $350.00. 28 U.S.C. § 1915(b)(1). The Court will not assess an initial partial filing fee. 28 U.S.C. § 1915(b)(1). The statutory fee will be collected monthly in payments of 20% of the previous month's income each time the amount in the account exceeds $10.00. 28 U.S.C. § 1915(b)(2). The Court will enter a separate Order requiring the appropriate government agency to collect and forward the fees according to the statutory formula.

**II.   Statutory Screening of Prisoner Complaints**

1     The Court is required to screen complaints brought by prisoners seeking relief against
2  a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C.
3  § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised
4  claims that are legally frivolous or malicious, that fail to state a claim upon which relief may
5  be granted, or that seek monetary relief from a defendant who is immune from such relief.
6  28 U.S.C. § 1915A(b)(1), (2).

7     A pleading must contain a "short and plain statement of the claim *showing* that the
8  pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not
9  demand detailed factual allegations, "it demands more than an unadorned, the-defendant-
10 unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).
11 "Threadbare recitals of the elements of a cause of action, supported by mere conclusory
12 statements, do not suffice." Id.

13    "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a
14 claim to relief that is plausible on its face.'" Id. (quoting Bell Atlantic Corp. v. Twombly,
15 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content
16 that allows the court to draw the reasonable inference that the defendant is liable for the
17 misconduct alleged." Id. "Determining whether a complaint states a plausible claim for
18 relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial
19 experience and common sense." Id. at 1950. Thus, although a plaintiff's specific factual
20 allegations may be consistent with a constitutional claim, a court must assess whether there
21 are other "more likely explanations" for a defendant's conduct. Id. at 1951.

22    If the Court determines that a pleading could be cured by the allegation of other facts,
23 a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal of the
24 action. See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*). The Court
25 should not, however, advise the litigant how to cure the defects. This type of advice "would
26 undermine district judges' role as impartial decisionmakers." Pliler v. Ford, 542 U.S. 225,
27 231 (2004); see also Lopez, 203 F.3d at 1131 n.13 (declining to decide whether the court was
28

1 required to inform a litigant of deficiencies).  Plaintiff's Complaint will be dismissed for
2 failure to state a claim without leave to amend because the defects cannot be corrected.

**III.    Complaint**

Plaintiff alleges five counts for violation of his constitutional rights by his former criminal defense attorney, Brad Reinhart. Plaintiff seeks injunctive and compensatory relief.

**IV.    Failure to State a Claim**

To state a claim under § 1983, a plaintiff must allege facts supporting that (1) the conduct about which he complains was committed by a person acting under the color of state law and (2) the conduct deprived him of a federal constitutional or statutory right. Wood v. Ostrander, 879 F.2d 583, 587 (9th Cir. 1989).  In addition, a plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant, and he must allege an affirmative link between the injury and the conduct of that defendant. Rizzo v. Goode, 423 U.S. 362, 371-72, 377 (1976).

As noted above, a plaintiff must not only allege a violation of his constitutional rights, but he must allege that a "defendant's actions were taken under color of state law." Gritchen v. Collier, 254 F.3d 807, 812 (9th Cir. 2001) (citing Flagg Bros., Inc. v. Brooks, 436 U.S. 149, 155-56 (1978)).  "Acting under color of state law is 'a jurisdictional requisite for a § 1983 action.'"  Id. (quoting West v. Atkins, 487 U.S. 42, 46 (1988)).  "[A] person acts under color of state law only when exercising power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" Polk County v. Dodson, 454 U.S. 312, 317-18 (1981) (quoting United States v. Classic, 313 U.S. 299, 326 (1941)).

A prerequisite for any relief under 42 U.S.C. § 1983 are allegations to support that a defendant has acted under the color of state law.  Whether an attorney representing a criminal defendant is privately retained, a public defender, or court-appointed counsel, he does not act under color of state law. See Polk County v. Dodson, 454 U.S. 312, 317-18 (1981); Miranda v. Clark County, Nevada, 319 F.3d 465, 468 (9th Cir. 2003) (*en banc*).  Therefore, Plaintiff's

allegations against his former criminal defense attorney must fail. Plaintiff will not be granted leave to amend because any amendment would be futile. See Lopez, 203 F.3d at 1127 (leave to amend should be granted unless the district court "determines that the pleading could not possibly be cured by the allegation of other facts"). Plaintiff can allege no facts against his defense counsel or the public defender to show that either acted under color of state law.

**Conclusion**

For the reasons discussed herein, Plaintiff fails to state a claim under § 1983 against the named Defendant. Because he can allege no set of facts on which he could recover under § 1983, the Complaint and this action will be dismissed.

**IT IS ORDERED:**

(1) Plaintiff's Application to Proceed *In Forma Pauperis*, filed with the Complaint, is **granted**. (Doc.# 3.)

(2) As required by the accompanying Order to the appropriate government agency, Plaintiff must pay the $350.00 filing fee and is not assessed an initial partial filing fee.

(3) The Complaint (doc.# 1) is **dismissed** for failure to state a claim pursuant to 28 U.S.C. § 1915A(b)(1), and the Clerk of Court must enter judgment accordingly.

(4) The Clerk of Court must make an entry on the docket stating that the dismissal for failure to state a claim may count as a "strike" under 28 U.S.C. § 1915(g).

DATED this 16th day of December, 2009.

_____
Mary H. Murguia
United States District Judge